**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark Sanchez, an individual, | ) | No. CV10-1586 PHX DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| United Parcel Service Incorporated, a corporation, | ) | |
| Defendant. | ) | |

This order addresses several motions filed by the parties. The Court will rule on the motions without oral argument because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.    Motion to Dismiss Party and Motion to Strike.**

Defendant John Naugle moves to dismiss the second amended complaint (Doc. 28), Plaintiff opposes (Doc. 33), and Defendant replies (Doc. 35). Plaintiff also moves to strike the motion to dismiss (Doc. 34), Defendant Naugle opposes (Doc. 37), and Plaintiff replies (Doc. 38). The Court will first address the motion to strike.

**A.    Motion to Strike.**

Plaintiff moves to strike the motion to dismiss because it fails to comply with Rules 11 and 12 of the Federal Rules of Civil Procedure and because it "fundamentally violates the Rule regarding Motions to Dismiss." Doc. 34 at 1. Although difficult to read, the motion to strike appears to be based on the following assertions: (1) Defendant Naugle's attorneys

1 have not investigated the facts as required by Rule 11 (Doc. 34 at 2); (2) the attorneys
2 "deliberately and intentionally have and continue to mislead the Court" (*id.*); (3) Naugle and
3 his attorneys created a false story to discredit Plaintiff (*id.* at 5); (4) Naugle's attorneys are
4 defending only Naugle and presenting only cases favorable to him (*id.* at 7); (5) other law
5 firms in the past have defended Naugle (*id.* at 3-4); (6) Plaintiff's disability was caused by
6 Naugle's assaulting Plaintiff (*id.* at 4-5); (7) Plaintiff's claims of assault and battery are not
7 barred by res judicata (*id.* at 7-9); (8) Plaintiff was prevented from introducing certain
8 evidence and witnesses at a hearing in March of 1998 while the United Parcel Service
9 ("UPS") was permitted to introduce evidence against Plaintiff, all because UPS's attorneys
10 deceptively interfered with justice (*id.* at 5-6); and (9) Plaintiff's garnishments were obtained
11 fraudulently because Naugle never actually paid the attorney fees Plaintiff was assessed (*id.*
12 at 7).

13 After reviewing the motion and case law, the Court concludes Plaintiff has not shown
14 a violation of Rule 11. As a starting point, our litigation system is by nature adversarial.
15 *E.g., Henderson ex rel. Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011). As the
16 Supreme Court has explained, "[w]hat makes a system adversarial rather than inquisitorial
17 is . . . the presence of a judge who does not . . . conduct the factual and legal investigation
18 himself, but instead decides on the basis of facts and arguments pro and con adduced by the
19 parties." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 357 (2006) (quoting *McNeil v.*
20 *Wisconsin*, 501 U.S. 171, 181, n.2 (1991)). Therefore, a plaintiff has the burden to prove his
21 case, and a defendant has a right to put the plaintiff to his proof. A defendant in a civil case
22 is allowed to bring attorneys to argue the case on his behalf. Hiring an attorney, or an
23 attorney's zealous representation of his client, is not improper or unlawful.

24 Our civil litigation system is governed, however, by rules of procedure to which
25 parties and their attorneys must adhere. For example, Rule 11 prohibits in part an attorney
26 from making statements to a court that he knows are false, and also prohibits frivolous
27 lawsuits. Fed. R. Civ. P. 11(b). Rule 11 also requires attorneys to conduct an inquiry into
28 the content of a motion or response, but the inquiry should be only as extensive as the

circumstances warrant. *Id.* Rule 11 permits attorneys to make arguments for interpreting the law in a way favorable to their client, so long as the arguments are not frivolous. *Id.*

Plaintiff has not shown that Mr. Naugle or his attorneys violated Rule 11, and generalized statements that merely assert wrongdoing or insufficient investigation are not enough to qualify for sanctions under the rule. Fed. R. Civ. P. 11(c)(2) (requiring the motion for sanctions to "describe specific conduct that allegedly violates Rule 11(b)"). Moreover, the fact that a party's argument does not win the day does not necessarily mean Rule 11 was violated. Finally, Plaintiff's assertions of misconduct in another case or proceeding are not relevant to whether Rule 11 was violated in this case.

Plaintiff has also not shown the motion to dismiss must be stricken under Rule 12. Rule 12(f) permits the striking "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A Rule 12(b) motion is not a pleading, and therefore is not subject to Rule 12(f).

In sum, Plaintiff has failed to substantiate the motion to strike and the motion will therefore be denied.

**B.     Defendant John Naugle's Motion to Dismiss.**

Plaintiff's second amended complaint alleges the following causes of action against Defendant John Naugle: illegal retaliation in violation of the Americans with Disabilities Act ("ADA") (Claim 3); conspiracy (Claim 4); unaddressed assault and battery (Claim 10); and criminal conspiracy in violation of Title 18 (Claim 11). Doc. 20. Defendant moves to dismiss these claims for failure to state a claim Doc. 28. Defendant also suggests that Claims 1, 2, 5, 6, 7, 8, and 9 are alleged against him, and he moves to dismiss them as well. These claims were not pled against Defendant Naugle, however, and the Court must look only to the complaint in addressing a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Court will therefore disregard this part of the motion, and will address only Claims 3, 4, 10, and 11. Although the parties make several arguments in their papers, the Court will address only the arguments it finds dispositive.

## 1. Claim 3 – Retaliation Under the ADA.

Defendant argues that Claim 3 should be dismissed because ADA liability, if any, does not lie against individual employees but rather against employers. Doc. 28 at 4. Plaintiff responds that Defendant Naugle's actions gave rise to Plaintiff's disability, and therefore he is a proper party. Doc. 33 at 4-5.

The ADA prohibits discrimination against employees on the basis of disability. 42 U.S.C. § 12112(a). Liability for such discrimination extends to "covered entit[ies]," *id.*, and a "covered entity" is defined as an "employer, employment agency, labor organization, or joint-labor management committee," § 12111(2). An employer, in turn, is defined as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person[.]" § 12111(5)(A). The Ninth Circuit has held that in Title VII and Age Discrimination in Employment Act ("ADEA") actions, the term "any agent" does not include liability for employees or supervisors in their individual capacities. *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993). *Miller* reasoned that "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." *Id.* at 587. The same reasoning applies to the ADA, and at least one case in this district has applied *Miller* to ADA claims in light of the similarity of "any agent" language in the ADA, ADEA, and Title VII. *Ransom v. Arizona Bd. of Regents*, 983 F. Supp. 895, 904 (D. Ariz. 1997). Plaintiff's argument that Defendant Naugle's injury-causing conduct changes the analysis is not persuasive because nothing in the ADA suggests a defendant can become a "covered entity" by injuring the plaintiff.

Plaintiff's citation to *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57 (1986), is unavailing. Although the Court in *Meritor* noted that "Congress wanted courts to look to agency principles for guidance" when interpreting the "any agent" language in Title VII, the issue before the Court was whether the employer should be held vicariously liable under Title VII for an employee's alleged sexual harassment of another employee – not whether the harassing employee could be sued under Title VII in his individual capacity. *Id.* at 72.

1    For these reasons, the ADA claim against John Naugle will be dismissed.

**2. Claim 4 – Conspiracy.**

"For a civil conspiracy to occur [under Arizona law,] two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 23, 36 (Ariz. 2002) (quoting *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 256 (Ariz. App. 2000)). More specifically, a civil conspiracy claim "requires an underlying tort which the alleged conspirators agreed to commit." *Baker*, 5 P.3d at 545. Moreover, "[a] mere agreement to do a wrong imposes no liability; an agreement plus a wrongful act may result in liability." *Wells Fargo Bank*, 38 P.3d at 36 (quoting *Baker*, 5 P.3d at 256); *accord Consol. Tungsten Mines, Inc. v. Frasier*, 348 P.2d 734, 741 (Ariz. 1960) ("A conspiracy itself furnishes no grounds whatever for a civil action. It is the doing of the thing for which the conspiracy was formed that furnishes the basis for such civil action." (citation omitted)).

Defendant argues this claim should be dismissed because Plaintiff has not adequately pled an underlying tort. Doc. 28 at 5. Plaintiff's response, albeit not clear, suggests that Naugle, his attorneys, and others created a false story that exposed him to further harm. Doc. 33 at 5. But Plaintiff does not assert any tort or other independent claim based on this conduct. The complaint states Defendants knowingly and willfully conspired to "make, and cause to be made . . . knowing false and material statements to state and Federal authorities" regarding the assault on Plaintiff. The complaint fails, at a minimum, to state the statements made and the basis on which Plaintiff believes the statements were made knowingly. The complaint also alleges that UPS's law firm elicited perjured testimony and misled the court (Doc. 20 at 16), but these allegations are not specific as to the underlying tort alleged against Naugle – nor are sufficient facts pled as to what items of testimony were false and why Plaintiff believes the attorneys knew the information was false.

In light of the above, the Court concludes Plaintiff's complaint fails to provide fair notice regarding the underlying tort Defendant Naugle allegedly conspired to commit. The

1 | conspiracy claim against Naugle will therefore be dismissed.

### 3. Claim 10 – Assault and Battery.

Defendant argues this claim is barred by res judicata, collateral estoppel, and the statute of limitations. Doc. 28 at 7-8. Plaintiff's response suggests there was a second assault (Doc. 33 at 7), and this appears consistent with the complaint's allegations that "Naugle *resumed* his abusive behavior prompting Sanchez to file in Maricopa County Superior Court, 'CV 97-23619' . . . ."[1] Doc. 20 at 19 (emphasis added). Plaintiff fails, however, to explain why the statute of limitations does not bar the claim, and although referring to equitable doctrines of tolling and estoppel (Doc. 33 at 7-8), Plaintiff fails to make sufficient allegations in his complaint that would establish he is entitled to invoke either doctrine. Plaintiff's response offers as a basis for tolling or estoppel the assertion that Naugle and his attorneys deliberately misled the court in the prior action. *Id.* at 8. Plaintiff fails to explain, however, why this alleged maneuvering prevented him from timely bringing the assault claim. Unlike claims of fraud, where conduct may not be discovered in time by the injured parties, assault and battery against a plaintiff are not hidden from the plaintiff.

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). The complaint here alleges Plaintiff's injury took place in 1997, and therefore the claim is clearly barred by Arizona's statute of limitations. A.R.S. § 12-542. Accordingly, Plaintiff has failed to plead plausibly an assault and battery claim against John Naugle for which he is entitled to relief. The claim will be dismissed.

### 4. Claim 11 – Criminal Conspiracy.

Defendant argues the claim should be dismissed because Plaintiff has not alleged the target of the conspiracy was the United States or any of its officers, and that there is no

---

[1] The prefix "97" in the state case number suggests the alleged conduct took place in 1997, and Defendant Naugle's motion asserts the same timeframe. Doc. 28 at 8. Plaintiff's response does not attempt to offer a different timeline.

1 private right of action for this claim. Doc. 28 at 8-9. Plaintiff's response does not address these arguments (Doc. 33 at 4), and therefore the claim will be summarily dismissed, LRCiv. 7.2(i).

### 5. Conclusion.

For the reasons above, claims 3, 4, 10, and 11 are dismissed as to Defendant John Naugle. Because no other claims have been pled against Defendant Naugle, the complaint against him will be dismissed.

## II. Motion to Dismiss Claims 4 - 11 by UPS.

Defendant UPS filed an answer to Plaintiff's second amended complaint on March 8, 2011. Doc. 24. After filing the answer but on the same day, UPS filed a motion to dismiss Claims 4-11 under Rule 12(b)(6). Doc. 25. Plaintiff filed a response (Doc. 28), and UPS filed a reply (Doc. 31).

Because the Rule 12(b)(6) motion was made after the answer was filed, it is technically untimely. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) ("A Rule 12(b)(6) motion must be made before the responsive pleading."); *Augustine v. United States*, 704 F.2d 1074, 1075 n. 3 (9th Cir.1983) (Rule 12(b) motion filed after a responsive pleading is "technically untimely"). The Court will construe the motion as a motion for judgment on pleadings under Rule 12(c). *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) ("We believe the best approach is . . . treating the motion to dismiss as a motion for judgment on the pleadings."); *see also In re 1982 Sanger*, 738 F.2d 1043, 1046 (9th Cir. 1984) ("The moving party's label for its motion is not controlling. Rather, the court will construe it, however styled, to be the type proper for relief requested.").

For the reasons that follow, the Court will grant the motion in part and deny it in part. Although the parties make several arguments in their papers, the Court will address only the arguments it found dispositive.

**A. Legal Standards.**

A court may grant a motion for judgment on the pleadings under Rule 12(c) if, assuming the non-moving party's factual allegations are true, "the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995). In ruling on a Rule 12(c) motion, the Court cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(c).

**B. Claims 5, 7, 8, and 9.**

UPS moves to dismiss these claims with prejudice. Doc. 25 at 5. The claims were not pled against UPS, however, and the Court must look only to the complaint in addressing a motion to dismiss. *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). The Court will therefore deny this part of the motion as moot.

**C. Claim 4 – Conspiracy.**

UPS argues in part the claim should be dismissed because Plaintiff has failed to plead adequately an underlying tort. Doc. 25 at 3-4. As discussed earlier in this order, a claim of civil conspiracy in Arizona requires the pleading of an underlying tort. The complaint alleges UPS's lawyers elicited perjured testimony and misled the court in state case CV 97-23719 (Doc. 20 at 16), but fails to plead sufficient facts as to what items of testimony were false and why Plaintiff believes the attorneys knew the information was false. As to the generalized statements made against all defendants, the complaint is deficient for the same reasons as discussed above with regard to Naugle's motion to dismiss.

Because the complaint fails to provide fair notice regarding the underlying tort UPS

allegedly conspired to commit, the conspiracy claim will be dismissed.

### D. Claim 6 – Duty to Legally Represent Employee.

The complaint alleges UPS has refused Plaintiff's repeated requests for legal counsel. Doc. 20 at 16. UPS argues in part that there is no private right of action for this claim, and that the claim is conclusory. Doc. 25 at 4-5.

Plaintiff suggests that "[b]y holding insurance for its employees and having a practice of taking financial responsibility of wrongs committed by employees UPS creates expectations of excellent thorough legal counsel." Doc. 28 at 7. Plaintiff cites to *Samaritan Found. v. Goodfarb*, 862 P.2d 870 (Ariz. 1993), a case that involves the scope of attorney-client privilege with respect to communications between corporate counsel and employees. *Goodfarb* does not help Plaintiff because it does not impose a duty on the employer to provide legal representation to an employee with regard to the employee's claims against the employer. Plaintiff has not cited any other legal or contractual basis for such a duty. Accordingly, Plaintiff's claim will be dismissed.

### E. Claim 10 – Assault and Battery.

The complaint alleges that John Naugle (a UPS employee) assaulted Plaintiff, that UPS continued to employ Naugle despite knowing his violent tendencies, that Naugle "resumed his abusive behavior prompting [Plaintiff] to file in Maricopa County Superior Court, 'CV 97-23619,'" that UPS misrepresented to the court that Naugle was paying his own legal fees, that Plaintiff's wages were garnished for the fees, that Plaintiff later "received reimbursement checks for the illegally garnished wages," and that at the time of the relevant events UPS "was subject to a consent decree" for ADA violations against Plaintiff. Doc. 18-19. Plaintiff limits this claim to "Unaddressed Assault and Battery."

UPS argues in part the assault and battery claim should be dismissed due to expiration of the statute of limitations. Doc. 25 at 6. Plaintiff fails to address the time-bar argument, and the complaint alleges the most recent assault by Naugle was the subject of a state case prefixed with the year "97." The assault and battery claim against UPS will be dismissed because it is time-barred.

1 Plaintiff's response asserts additional causes of action under this claim, including violations of due process, equal protection, and free association. Doc. 29 at 10. A response to a motion to dismiss is not the proper venue for asserting new claims. *See Schneider*, 151 F.3d at 1197 n.1.

### F. Claim 11 – Criminal Conspiracy Under Title 18 of the United States Code.

UPS, like Naugle, argues the claim should be dismissed because Plaintiff has not alleged the target of the conspiracy was the United States or any of its officers, and that there is no private right of action for this claim. Doc. 25 at 6. Plaintiff responds that "[a] private cause of action is supported by the framework of the Arizona employment law which prohibits any illegal behavior from affecting a person's employment security, welfare, and emotional well being." Doc. 28 at 10. The complaint, however, pleads the claim as arising under federal law, and Plaintiff has not shown there is a private right of action for his federal claim. Plaintiff suggests that he has suffered trauma caused "by lawyers licensed to practice in a federal district court," (*id.*), but even assuming this is true, it does not follow that the remedy for private plaintiffs lies in the federal criminal conspiracy statute. The Court will therefore dismiss the claim.

## III. Plaintiff's Motions at Doc. 30.

### A. Motion to Amend.

Plaintiff moves to amend. Doc. 30. Rule 15 of the Federal Rules of Civil Procedure provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182. A party seeking leave to amend should, however, disclose the contents of the proposed amendment so that the court may ascertain whether leave to amend is warranted. *See* LRCiv.

15.1 ("A party who moves for leave to amend a pleading . . . must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added.").

Plaintiff has not filed a copy of his proposed amended complaint as required by Local Rule 15.1. The motion to amend will therefore be denied without prejudice.

**B.     Motion for Sanctions.**

Plaintiff seeks sanctions against UPS and its attorneys for "playing a game with this court." Doc. 30 at 10-11. Plaintiff has not stated the rule or statute under which he requests sanctions. Assuming Plaintiff aims to rely on Rule 11, generalized statements that merely assert wrongdoing are not enough to qualify for sanctions under the rule. Fed. R. Civ. P. 11(c)(2) (requiring the motion for sanctions to "describe specific conduct that allegedly violates Rule 11(b)"). The motion will therefore be denied.

**C.     Motion for Recusal.**

Plaintiff requests recusal of the undersigned judge on grounds that the undersigned is a member of the State Bar of Arizona, which is a named defendant in this case, thereby creating a conflict against Plaintiff. Doc. 30 at 11. Plaintiff also asserts the undersigned "refused to take any steps to insure that [Plaintiff has] qualified, capable, legal advocate, therefore creating an unfair advantage." *Id.*

Plaintiff's assertion that this Court failed to grant him an attorney is unavailing because Plaintiff has not shown the Court denied him the opportunity to hire his own attorney, nor that the law requires the Court to appoint him an attorney in this civil case. Plaintiff asserts the undersigned's membership in the State Bar of Arizona ("SBA") is also ground for recusal. "The fact that a plaintiff sues a bar association does not require recusal of judges who are members of that bar association." *DeNardo v. Municipality of Anchorage*, 974 F.2d 1200, 1201 (9th Cir. 1992). The motion for recusal will be denied.

**IT IS ORDERED:**

1.      Plaintiff's motion to strike (Doc. 34) is **denied**.

2. Defendant Naugle's motion to dismiss (Doc. 28) is **granted** as stated above.

3. UPS's motion to dismiss counts 4-11 (Doc. 25) is **granted in part and denied in part** as stated above.

4. Plaintiff's motions at Doc. 30 are **denied** as stated above.

5. The Court will set a scheduling conference by separate order.

DATED this 10th day of August, 2011.

_____
David G. Campbell
United States District Judge