David T. Barton #016848
C. Christine Burns #017108
BURNSBARTON LLP
11 West Jefferson, Suite 1000
Phoenix, AZ 85003
Main: 602.753.4500
david@burnsbarton.com
christine@burnsbarton.com
*Attorneys for Defendant*
*United Parcel Service, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Sanchez, an individual,<br>Plaintiff,<br>vs.<br>United Parcel Service, Inc.,<br>Defendant. | NO. CV 10-01586-PHX-DGC<br><br>**Defendant's Motion *In Limine* to Preclude Evidence of Offers of Compromise** |

Pursuant to Federal Rules of Evidence 408, 402, and 403, Defendant United Parcel Service, Inc. ("UPS") hereby moves the Court *in limine* for an order precluding Plaintiff Mark Sanchez from referring to or introducing evidence or testimony regarding his prior settlements or settlement negotiations with UPS.

Plaintiff Sanchez is a current UPS employee. During his UPS employment, Sanchez has filed six lawsuits, including the present one, against UPS and its employees. These lawsuits have been predicated on a myriad of different legal theories. In one of his lawsuits, *Hohider et al. v. United Parcel Service, Inc.*, 04-CV-0363 (W.D. PA 2004), UPS and Sanchez entered into settlement negotiations. The parties reached an agreement to settle Sanchez' claims and entered into a settlement agreement. Sanchez, however, revoked his agreement to settle this claim. This lawsuit followed.

On January 23, 2013, counsel for UPS and Sanchez met to exchange exhibits, in compliance with this Court's Order [Dkt. 93]. At that meeting, Sanchez provided UPS

with copies of twenty-one exhibits, which were unmarked, but the parties worked together to mark. Sanchez also produced a draft Joint Proposed Final Pretrial Order, portions of which he hand-wrote and portions of which he typed. Therein, Sanchez identified 16 additional "exhibits," which were never disclosed, were never produced, are not numbered, and were not exchanged with Defendant in compliance with the Court's Order.[1] One document identified by Sanchez in this list of unproduced "exhibits" is "cancelled settlement agreements." Any testimony or exhibit regarding prior settlement agreements with UPS is precluded by Federal Rules of Evidence 402, 403 and 408(a).

Federal Rule of Evidence 408(a) precludes the admission of evidence of "furnishing or offering or promising to furnish – or accepting or offering or promising to accept – a valuable consideration in compromising or attempting to compromise the claim" and "conduct or statements made in compromise negotiations regarding the claim" when offered to prove liability for, or amount of a claim. Fed. R. Evid. 408(a)(1) and (2). The purpose of Rule 408 is "to encourage the compromise and settlement of existing disputes" and to ensure that parties may make offers during settlement negotiations without fear that those same offers will be used to establish liability should settlement efforts fail." *Joseph v. Pacific Bell*, 443 F.3d 1050, 1064 (9th Cir. 2006); *See* Fed. R. Evid. 408, Advisory Comm. Note (purpose of Rule 408 is to promote "the public policy favoring the compromise settlement of disputes" and encouraging parties to communicate freely).

Plaintiff's prior settlement negotiations, the settlement agreement itself, and documents showing the eventual revocation of a settlement agreement, with UPS are being offered solely to show liability or the value of Plaintiff's claim. There can be no other purpose for the admission of this evidence. This goes to the heart of the purpose of Rule 408 – so that parties may engage in good faith settlement negotiations without the

---

[1] By failing to disclose these exhibits to Defendants, Plaintiff failed to comply with Rule 26(a)(1)(A)(ii) and the Court's November 29, 2012 order. *See Defendant's Motion in Limine to Preclude Certain Witnesses and Exhibits.*

fear of such negotiations being used to establish liability against them. Consequently, such evidence is precluded under Rule 408.

In addition, only relevant evidence is admissible at trial. FED. R. EVID. 402. Relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. According to the Ninth Circuit, one of the principles that underlies Rule 408 is that "[t]he evidence [of compromise] is irrelevant, since the offer may be motivated by desire for peace rather than any concession of weakness of position." *Hudspeth v. C.I.R.*, 914 F.2d 1207, 1213-14 (9th Cir. 1990) (citing Fed. R. Evid. 408 advisory committee's note). However, even relevant evidence may be excluded, if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.

In this case, evidence of settlement negotiations in any case between UPS and Sanchez, and the eventual revocation of the settlement agreement in the *Hohider* case, is irrelevant to the claims in Sanchez' individual claim. UPS's settlement offer was never a concession of its defense to Plaintiff's substantive claims. Moreover, this information can only serve to confuse the issues and mislead the jury into believing that evidence of settlement offers to Sanchez goes to UPS's liability, or that the amount of the settlement offer is a fair assessment of the value of his claim.

For the foregoing reasons, and pursuant to Federal Rules of Evidence 402, 403 and 408, UPS hereby moves *in limine* to exclude at trial any testimony or evidence regarding settlement negotiations between Sanchez and UPS in any of his claims against UPS.

RESPECTFULLY SUBMITTED this 6th day of February 2013.

BURNSBARTON LLP

By s/ David Barton
David T. Barton
C. Christine Burns
Attorneys for Defendant
United Parcel Service, Inc.

CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2013, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing.

I also hereby certify that on February 6, 2013, I served via UPS 2-Day Air a copy of the foregoing to:

Mark Sanchez
12612 N. 112th Avenue
Youngtown, AZ 85363

s/ Michelle R. Leach