**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mark Sanchez, an individual, | ) | No. CV-10-1586-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| United Parcel Service, Inc., | ) | |
| Defendants. | ) | |

Plaintiff Mark Sanchez has filed a motion to stay. Doc. 118. The motion will be denied for the reasons set forth below. The Court will also direct, again, that Naida Beth Axford make no attempt to represent Mr. Sanchez in this case, including appearing on pleadings or attempting to speak for him in court.

**A.   Request to Disqualify.**

Plaintiff's motion suggests that the undersigned judge should disqualify himself from this case because of his membership in The Church of Jesus Christ of Latter-day Saints, various rulings in this case, and his membership in the State Bar of Arizona. None of these arguments requires disqualification.

Plaintiff suggests that the undersigned judge has ruled against him because opposing counsel is also a member of The Church of Jesus Christ of Latter-day Saints. If opposing counsel is a member of the LDS church, that fact was not known to the undersigned judge before Plaintiff filed his motion. There are approximately 200,000 members of the LDS church in Arizona; the undersigned judge certainly does not know them all. Moreover, the

1  church has no role in this case, its teachings are not at issue, and the Court does not favor
2  litigants or lawyers because of their religious affiliations.

3  In addition, federal courts consistently hold that membership in a church is not a basis
4  for disqualification. *See, e.g., In re McCarthey*, 368 F.3d 1266, 1270 (10th Cir. 2004);
5  *Feminist Women's Health Center v. Codispoti*, 69 F.3d 399, 400-401 (9th Cir. 1995); *Singer*
6  *v. Wadman*, 745 F.2d 606, 608 (10th Cir.1984); *Menora v. Illinois High School Ass'n*, 527
7  F.Supp. 632, 634 (N.D. Ill. 1981); *State of Idaho v. Freeman*, 507 F.Supp. 706, 729 (D. Idaho
8  1981); *Commonwealth of Pennsylvania v. Local Union 542, International Union of*
9  *Operating Engineers*, 388 F.Supp. 155 (E.D. Pa.1974).

10  Plaintiff's argument that the undersigned judge should disqualify himself because of
11  rulings in this case is also incorrect. Rulings in a case do not constitute a basis for
12  disqualification. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1046 (9th Cir.1987), *aff'd*,
13  496 U.S. 543 (1990); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir.1986); *Liteky v.*
14  *United States*, 510 U.S. 540 (1994). Adverse rulings should be appealed when the case is
15  concluded; they do not form the basis for a recusal motion.[1]

16  Finally, Plaintiff's assertion that the undersigned should disqualify himself because
17  he is a member of the State Bar of Arizona is not supported by any factual assertion. The
18  State bar is not a party in this case, and its actions are not at issue in this case in any way.

19  **B.   Ms. Axford.**

20  The motion includes Ms. Axford's name on the first page with Plaintiff's name, and
21  Ms. Axford's signature on the last page. Ms. Axford has attempted in the past to represent
22  Plaintiff in this case. Because she is not a member in good standing of the bar of this Court,
23  and has not been admitted for purposes of this case, the Court has told her that she cannot
24  represent Plaintiff. The Court reiterates that instruction. The Court will direct the Clerk not

---

[1] Plaintiff's assertion that the Court interfered with his attempt to learn about courtroom technology is entirely incorrect. The Court had no knowledge of Plaintiff and Ms. Axford's improper confrontation with the Court's technical expert until after it had occurred. The Court later admonished Plaintiff, on the record, not to engage in such conduct in the future. That admonishment remains in place for the future conduct of this case.

- 2 -

to accept any future filings in this case that bear Ms. Axford's name or her signature. Ms. Axford cannot speak for Plaintiff in the courtroom, nor speak for Plaintiff in dealing with Court's staff. She may sit at counsel table to assist Mr. Sanchez in a paralegal-type capacity during hearings and trial so long as her presence does not interfere with the proceedings in any way.

### C. Change in Trial Schedule.

When another judge recently took senior status, the undersigned judge was assigned a six-week criminal trial that will begin on April 30, 2013. As a result, the final conference on May 2, 2013, and the trial on May 7, 2013, are no longer possible. Those dates are vacated and the Court by separate order will schedule a conference to set a new trial date.

**IT IS ORDERED:**

1. Plaintiff's Motion for Stay (Doc. 118) is **denied**.
2. The final conference and trial dates are vacated, to be reset at a hearing to be scheduled by the Court through a separate order.
3. The Court directs the Clerk not to accept for filing any document in this case that bears the name or signature of Naida B. Axford.

DATED this 8th day of April, 2013.

_David G. Campbell_
United States District Judge