WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Sanchez,<br><br>               Plaintiff,<br><br>v.<br><br>United Parcel Service, Inc., et al.,<br><br>               Defendants. | No. CV10-01586-PHX-DGC<br><br>**ORDER** |

      Pursuant to Rule 60 of the Federal Rules of Civil Procedure, Plaintiff Mark Sanchez moves to set aside the judgment entered against him on May 24, 2013. Doc. 158. The motion is fully briefed, and oral argument has not been requested. Plaintiff also moves to have the record corrected, alleging that the Clerk's Office failed to file his transcript order on time, thus making it appear he had not complied with the Time Schedule Order filed by the Ninth Circuit. Defendant UPS filed no response to this motion. For the reasons that follow, the Court will deny Plaintiff's motion to set aside the judgment and grant his motion to correct the record.

      Plaintiff claims in this case that Defendant violated the Americans with Disabilities Act by refusing to allow him to resume work as a feeder driver after a period of disability. Doc. 1 at 1-4. Following trial, the jury returned a verdict in favor of Defendant. Doc. 139.

      Plaintiff has filed a notice of appeal. Doc. 152. As a result, the Court has three options: it may (1) defer considering the Plaintiff's Rule 60 motion, (2) deny the motion,

or (3) state either that it would grant the motion if the Court of Appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). The Court will deny the motion.

A judgment may be set aside under Rule 60(b) for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that was previously unavailable; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) when the judgment is void; (5) when the judgment has been satisfied, released, discharged, or was based on an earlier judgment that has been reversed or vacated, or would be inequitable if applied prospectively; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion to reconsider or set aside the judgment may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008).

Plaintiff argues that Defendant committed fraud on the Court during the trial, and therefore appears to make his motion under Rule 60(b)(3). Plaintiffs generally must prove fraud on a court by clear and convincing evidence, and must also show that the fraud prevented them from fully and fairly presenting their case. *See U.S. v. Estate of Stonehill*, 660 F.3d 415, 443-44 (9th Cir. 2011). Plaintiff alleges that opposing counsel misstated the nature of another lawsuit against Defendant outside the hearing of the jury, and that this misstatement somehow affected the opening statement made by defense counsel during trial. Doc. 158 at 3. The Court cannot conclude that the alleged statements were false or misleading, that they have been shown to be fraudulent by clear and convincing evidence, or that they had any effect on the trial. The statements provide no basis for relief under Rule 60(b).

Plaintiff also argues that admission of certain evidence violated Federal Rule of Evidence 408. He claims that Defendant should not have been permitted to present evidence regarding Plaintiff's previous medical examinations. Doc. 158 at 4. Plaintiff provides no explanation as to why this issue could not have been raised during trial, nor

has he cited authority to show that such an evidentiary error, if it occurred, provides a basis for setting aside a judgment under Rule 60(b).  The alleged Rule 408 violation therefore provides no basis for relief under Rule 60(b).

**IT IS ORDERED:**

1. Plaintiff's motion to set aside judgment (Doc. 158) is **denied**.
2. Plaintiff's motion to correct the record (Doc. 163) is **granted**.  The Clerk shall correct the record to show a Transcript Order on July 17, 2013.

Dated this 24th day of September, 2013.

_____
David G. Campbell
United States District Judge